## GILBERT LONGSTREET vs. REESIDE & FULLER.

### *Case.    Verdict for Plaintiff.*

1st. Contracts entered into to defraud the Government, are void, as against public policy ; but the contract itself must furnish evidence of the fraudulent intent, unless it be specially pleaded, and then it may be shewn by *aliunde* testimony.

2nd. Under our statute, no evidence is admissible under the general issue, except such as disproves the cause of action.   All matters in satisfaction, in whole, or in part, or in avoidance of the contract, either by reason of its illegality, or otherwise, must be specially pleaded.

3rd. The Court will not grant a new trial, on the ground of excessive damages, unless the damages are flagrantly excessive.

In this case, a motion is made for a new trial, upon the following grounds, to wit :

1st. That the Court erred, in refusing to receive the evidence offered by the defendant, for the purpose of shewing that the contract sued on, was entered into between the parties, for the purpose of putting down competition between them, in the proposals to the Post Master General of the United States, for the Mail contract in question.

2nd. That the damages, found by the Jury, are excessive.

3rd. That the Court erred, in charging the Jury, that they could not look beyond the written contract, in order to determine whether it was made with a view of committing a fraud on the United States Government.

And if these grounds be overruled, the Court will be moved to arrest the judgment in said cause, upon the ground, that the contract set out in the plaintiff's declaration, and the cause therein alleged, as leading to the making of said contract, are contrary to public policy, and can form no legal, or valid cause of action, wherein the plaintiff's declaration is wholly defective, and insufficient to authorize any judgment thereon.

[Longstreet vs. Reeside & Fuller.]

The above stated action was brought upon a written agreement between the parties, which is, in substance, as follows:—That defendants, being Mail contractors, for carrying the Mail contract between Augusta and Savannah, which was about to expire on the first day of January, 1835: in the month of October, 1834, plaintiff and defendants entered into a written agreement—that defendants were to bid for the new contract, commencing on the 1st January, 1835, and if obtained, they were to transfer the same to the plaintiff: and it further appeared, that the plaintiff was also to put in an offer for said contract, with the Post Office Department—and plaintiff agreed to purchase the stock of horses, stages, wagons, and harness, which should be employed on the line, on the 1st day of November, then next, for the sum of Six Thousand Dollars, payable by instalments : and it was further agreed, between the parties, that, if neither of them got the contract offered *for*, then the defendants were to transfer their unexpired term of the contract to the plaintiff, and *he* was to take the *stock*, whether either of the *parties got the contract or not*; yet the plaintiff was bound to pay the defendants the Six Thousand Dollars, as agreed—and, it appears, from the evidence in the cause, that both plaintiff and defendants made an offer for the contract, but were underbid by some third offer ; but this third man being unable to comply, the defendants finally got the contract, and gave it to the plaintiff.

And this action was brought to recover damages, for a breach of the written agreement, in having nearly all of the good horses taken off the line, and inferior ones placed *there*, by the time the plaintiff was to take possession—say, 1st November, 1834. The plaintiff also set out breaches about the harness, &c.

The defendants pleaded the general *issue alone*, and offered to prove that the contract was void, on the ground of public policy, as the agreement being made, before the offer to the Department, would have the effect of lessening competition, and the government be thereby defrauded.

But the Court decided, that such evidence could not be received, under the general issue : that if defendants intended to set up such defence, they should have notified the plaintiff by their plea.

[Longstreet vs. Reeside & Fuller.]

The defendants then insisted, that the plaintiff had set out enough in their declaration, to shew that the contract was illegal.

The Court charged the Jury—If they believed, from the agreement and pleadings, that it was the intention of the parties to defraud the Government: then the contract was void, upon the ground of public policy—and they would then find for the defendant.

But if they did not find, from the written agreement, and the plaintiff's allegations, that this contract was entered into to defraud the Government: then they should proceed to examine the evidence for the plaintiff, and assess such damages as they believed just, according to the evidence; and they found for the plaintiff, Six Thousand Dollars.

Mr. LONGSTREET, for the plaintiff, refers the Court to the following authorities:—1 *Peters'* Sup. C. R. 591. 3 *Cranch* 180. 1 *Peters'* C. C. R. 85, and 170 to 183. 2nd. *Wash.* R. 226. 4 *Burr.* 2069. 3 *T.* R. 418. 2 *Peters'* Sup. C. R. 216. 9th. *Wheat.* R. 673. 5 *Taunt.* 727. 21 vol. Com. L. R. 29. 1 *Peters'* Digest, sect. 14, p. 297. 3 *Peters'* Digest, 232. 10 *Peters'* R. 343. 1 *Gall.* C. C. R. 388. 2 *Nott & McCord* R. 528.

Mr. MILLER, for defendants, refers the Court to the following authorities:—*Saunders* on Plead. 39, 46 and 50. *Chitty* on Contra. 523, 559. 3 *Johns.* Ca. 29. 6 *Johns.* R. 194. 13 *Johns.* R. 112. 8 *Johns.* R. 444. 5 *Halst'd.* N. J. R. 87.

And upon a view of the authorities referred to, the Court finds the following to be the rules of Law:—First. If two enter into a contract, whereby competition is taken away, or lessened, and the Government has been thereby compelled to pay a higher price, and the parties apply to the Court to inforce such agreement, the Court will refuse to inforce it, upon the ground of public policy: or, if a party makes an offer for, or has an office, and he makes a sale of it, to the prejudice of the Government—such contract cannot be inforced. But in all these cases, the gist of the action is the illegal contract, and form the consideration of it. But in this case, what evidence have we of the nature and consideration of this contract?

f

[Longstreet vs. Reeside & Fuller.]

No other than what appears by the written contract itself, and the pleadings. If we look to the agreement for the consideration, do we find that the obtaining of the contract, to commence on the 1st of January, 1835, formed any part of it?—For, by the terms of agreement, Longstreet was to give the $6000 to defendants, whether either got the new contract, or not : provided, the defendants transferred the remaining time of the old contract, and the horses, stages and harness. It, therefore, appears, that the performance of the contract was in no wise to depend on the obtaining of the new contract, for the Mail. By what mode of legal reasoning, then, can the Court be called on to say, that the consideration of this agreement was against public policy? The agreement does not say so; nor was there any proof, *aliunde*, to establish the fact. This Court is, therefore, bound to say, that neither by pleadings, nor the proof, does it appear, that the obtaining the new contract, (even supposing it to have been illegal,) formed the consideration for this agreement : and this question was fully given in charge to the Jury, who have passed upon it. The Court, therefore, overrules the motion for a new trial, upon the third ground taken, and also the motion in arrest of judgment.

The next question to be decided, is, the error imputed to the Court, in ruling out the evidence of the illegality of the contract, by *aliunde* testimony, under the plea of the general issue. Whatever may have been the decisions under the English Law, as admitting various defences, under the general issue, our statute of 1799, has introduced a new rule, and the decisions upon that statute, *are*, that the general issue will only allow the defendant to prove, that no such contract was ever made—but that all matters in satisfaction, either in whole, or in part—or in avoidance of the contract, either by reason of its illegality, or otherwise, must be specially pleaded, and be plainly and distinctly set forth, by the defendant, that the plaintiff may be informed of what is to be proved against him.

This Court, therefore, decides—that it did not err, in rejecting the proof offered, under the general issue ; and, therefore, overrules the first ground taken for a new trial.

And, as to the second ground taken, (that the damages are exces-

[Longstreet vs. Reeside & Fuller.]

sive,) this was a question for the *Jury* : and it must be a flagrant case, as to damages, before the Court would undertake to controul their verdict in this *particular* : and in this case, the plaintiff adduced proof of the injury sustained by the fraud of the defendants ; and as the Jury were the competent judges, from the evidence, and the Court having no evidence of misconduct in them, it will not disturb the verdict on that ground.

A new trial, upon all the grounds, is therefore refused.

<div align="right">

JOHN SHLY, Judge
*Superior Courts, Middle District, Georgia.*